**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES CRAIG LITTERAL,

        Petitioner-Appellant,

v.

JOE WILLIAMS, Warden;
ATTORNEY GENERAL STATE
OF NEW MEXICO,

        Respondents-Appellees.

No. 98-2270
(D.C. No. CIV-97-546-SC/RLP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff James Craig Litteral seeks a certificate of appealability in order to pursue this appeal from an order of the district court denying his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254. Because Litteral has failed to make "a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In 1988, Litteral was convicted in New Mexico state court of first degree murder with a firearm enhancement. See State v. Litteral, 793 P.2d 268, 269-70 (N.M. 1990). He was sentenced to life in prison with a one year concurrent sentence on the firearm enhancement. See id. at 270.

In his petition, Litteral contended that he had been subjected to double jeopardy when the trial court declared a mistrial over his objection where no manifest necessity existed. He asserted he was denied a fair trial because evidence concerning his involvement with drugs and weapons was admitted and because his cross-examination of the state's witness was limited. Litteral alleged that his motion for a new trial based on newly discovered evidence should have been granted and that he received ineffective assistance of counsel at trial.

The district court held that no constitutional violations cognizable in a habeas proceeding had been stated. The court dismissed the case with prejudice. On appeal, Litteral argues that the district court erred in its ruling.

We have reviewed the district court's judgment in light of Litteral's submissions to this court and the record on appeal. We agree that Litteral failed to establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).

We DENY Litteral's request for a certificate of appealability and DISMISS this appeal. We GRANT his motion for in forma pauperis status.

Entered for the Court

David M. Ebel
Circuit Judge